# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
### WESTERN SECTION

Civil Action No. 04-30127-MAP

| | | |
|---|---|---|
| DENNIS PAREN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | ANSWER AND |
| | ) | AFFIRMATIVE DEFENSES |
| JAMES CRAIGIE, INDIVIDUALLY AND, | ) | |
| DANIEL FREY, INDIVIDUALLY, | ) | |
| | ) | |
| Defendants. | ) | |

Defendants James Craigie and Daniel Frey ("Defendants"), by and through their attorneys, hereby respond to the numbered paragraphs of Plaintiff Dennis Paren ("Plaintiff") Complaint And Demand for Jury Trial ("Complaint") as follows:

## THE PARTIES

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2.      Defendants admit the allegations set forth in paragraph 2 of the Complaint.

3.      Defendants deny the allegations set forth in paragraph 3 of the Complaint.

## JURISDICTION

4.      Paragraph 4 of the Complaint states conclusions of law to which no responsive pleading is required.

## FACTS

5.        Defendants admit the allegations set forth in paragraph 9 of the Complaint.

6-8.        Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 6 through 8 of the Complaint.

9.        Defendants admit the allegations set forth in paragraph 9 of the Complaint.

10-12.        Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 10 through 12 of the Complaint.

13-14.        Defendants deny the allegations set forth in paragraphs 13 and 14 of the Complaint.

15.        Defendants deny the allegations in paragraph 15 of the Complaint to the extent that they purport to characterize the contents of the Spalding Principles, which speak for themselves.  Defendants admit the remaining allegations in paragraph 15.

16-21.        Defendants deny the allegations set forth in paragraphs 16 through 21 of the Complaint.

22.        Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in subparts (i), (k), (l),(n), (p), (x), (y), and (z). Defendants deny the allegations in the remaining subparts.

23.        Defendants deny that the Defendants "excluded the Plaintiff, Dennis Paren from a retention bonus plan designed to reward key employees."  Any such decision was made by Spalding Sports Worldwide, not the Defendants.

24.        Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25-26.    Defendants deny the allegations set forth in paragraphs 25 through 26 of the Complaint.

27-29.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 through 29 of the Complaint.

30.    Defendants deny the allegations set forth in paragraph 30 of the Complaint.

31.    Defendants admit that Plaintiff drafted a memorandum to James Craigie in or about June 2002, but deny the allegations in paragraph 31 of the Complaint to the extent that they purport to characterize the contents of that memorandum, which speaks for itself.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31 of the Complaint.

32-35.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 through 35 of the Complaint.

36.    Defendants admit that Daniel Frey made the quoted statement. Defendants deny the remaining allegations in paragraph 36 of the Complaint.

37.    Defendants admit that Plaintiff was not included in the bonus retention plan and that Mr. Craigie asked Vaughn Rist how Plaintiff had found out about the plan. Defendants deny the remaining allegations in paragraph 37.

38.    Defendants deny the allegations set forth in paragraph 38 of the Complaint.

39-40.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and 40 of the Complaint.

41.    Defendants deny the allegations set forth in paragraph 41 of the Complaint.

## COUNT I
### *(Defamation v. James Craigie)*

42.        Defendants incorporate by reference their responses to Paragraphs 1 through 41 of the Complaint as if fully set forth herein.

43.        Defendants deny the allegations set forth in paragraph 43 of the Complaint.

44.        Paragraph 44 of the Complaint states conclusions of law to which no responsive pleading is required.

45-50.        Defendants deny each and every allegation set forth in paragraphs 45 through 50 of the Complaint.

## COUNT II
### *(Defamation v. Daniel Frey)*

51.        Defendants incorporate by reference their responses to paragraphs 1 thorugh 50 of the Complaint as if fully set forth herein.

52.        Defendants deny the allegations set forth in paragraph 52 of the Complaint.

53.        Paragraph 53 of the Complaint states conclusions of law to which no responsive pleading is required.

54-59.        Defendants deny the allegations set forth in paragraph 54 through 59 of the Complaint.

## COUNT III
### *(Intentional Interference with Contractual Relations v. James Craigie)*

60.        Defendants incorporate by reference their responses to paragraphs 1 through 59 of the Complaint as if fully set forth herein.

61-70.        Defendants deny the allegations set forth in paragraphs 61 through 70 of the Complaint.

4

## COUNT IV
*(Intentional Interference with Contractual Relations v. Daniel Frey)*

71.    Defendants incorporate by reference their responses to Paragraphs 1 through 70 of the Complaint as if fully set forth herein.

72-81.    Defendants deny the allegations set forth in Paragraphs 72 through 81 of the Complaint.

## COUNT V
*(Intentional Interference with Advantageous Business Relations v. James Craigie)*

82.    Defendants incorporate by reference their responses to paragraphs 1 through 81 as if fully set forth herein.

83-84.    Defendants deny the allegations set forth in paragraphs 83 and 84 of the Complaint.

## COUNT VI
*(Intentional Interference with Advantageous Business Relations v. Daniel Frey)*

85.    Defendants incorporate by reference their responses to paragraphs 1 through 84 as if fully set forth herein.

86-87.    Defendants deny the allegations set forth in paragraphs 86 and 87 of the Complaint.

WHEREFORE, Defendants respectfully request that judgment be entered in their favor and that they be awarded the costs of this action, attorneys' fees and such other relief as this Court deems appropriate.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**Second Affirmative Defense**

Plaintiff's claims are barred by the doctrines of waiver and release.

**Third Affirmative Defense**

Plaintiff's defamation claims are barred by the qualified privilege that protects communications between former and prospective employers concerning a current or former employee.

**Fourth Affirmative Defense**

Plaintiff's defamation claims are barred because truth is an absolute defense.

Respectfully submitted,

The Defendants
JAMES CRAIGIE, INDIVIDUALLY AND
DANIEL FREY, INDIVIDUALLY
By Their Attorneys

Dated:  September 14, 2004

/s/   Jeffrey E. Poindexter
Jeffrey  E. Poindexter, BBO #631922
Bulkley, Richardson  and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, Massachusetts 01115
Tel. 413-781-2820;  Fax. 413-785-5060

**Certificate of Service**

I, Jeffrey E. Poindexter, attorney for defendants, James Craigie, Individually and Daniel Frey, Individually, in this above matter, hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail on September 14, 2004.

Of Counsel:
Steven R. Wall
Tamsin J. Newman
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA  19103
Tel. (215) 963-4928/ 5201

/s/ Jeffrey E. Poindexter

Jeffrey E. Poindexter, Esq.