# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Dennis Paren,

        Plaintiff,

v.

James Craigie, Individually and
Daniel Frey, Individually,

        Defendants.

Civil Action No. 04-30127-MAP

## AFFIDAVIT OF JAMES CRAIGIE

I, James Craigie, depose and state as follows:

1. From December of 1998 to September 15, 2003, I was employed by Spalding Sports Worldwide ("Spalding") as its President and Chief Executive Officer. I submit this Affidavit in support of the Motion for Summary Judgment filed on behalf of myself and Daniel Frey with respect to the above-captioned matter.

2. In the 2001-2002 timeframe, Spalding employed approximately 1000 employees at its Chicopee headquarters. Of these, approximately 400 were salaried, non-union employees.

3. I recall that Mr. Paren raised a concern regarding the issue described in paragraph 22.d of the Complaint. Specifically, Mr. Paren was concerned about the apparent loss of car stock inventory relating to two field sales people based out of the West Coast. I recall that Mr. Paren involved our security director in order to investigate the issue, but I do not recall the result of the investigation. From the time that Mr. Paren raised this concern through my separation from Spalding on September 15, 2003, I believed that Mr. Paren properly raised this concern within the scope of his job duties as Director of Risk

Management.

4. I recall that Mr. Paren raised a concern regarding the issue described in paragraph 22.n of the Complaint. Specifically, Mr. Paren expressed a concern that Stephanie Lawrence had submitted double expense reports. As a result of Mr. Paren's investigation, I made Ms. Lawrence repay all monies, and a few months later, I severed her from the Company. From the time that Mr. Paren raised this concern through my separation from Spalding on September 15, 2003, I believed that Mr. Paren properly raised this concern within the scope of his job duties as Director of Risk Management.

5. I do not recall that Mr. Paren expressed concerns regarding the issues described in paragraph 22.a-c, e-m, o-x, or y-ee of the Complaint during my tenure at Spalding. However, to the extent that Mr. Paren may have raised concerns about such issues and I do not remember, I believe that Mr. Paren would have properly raised those concerns within the scope of his job duties as Director of Risk Management.

6. I recall that Mr. Paren raised a concern regarding the issue described in paragraph 22.y. Specifically, on September 16, 2003, after Mr. Paren discovered that he had not been selected for a supplemental retention bonus, he alleged that I had submitted double expense reports on two occasions. After the Board of Directors conducted an independent investigation, I was exonerated. All of this occurred after I had left Spalding, which was after the decisions regarding recipients of retention bonuses and supplemental retention bonuses had been made.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing information is true and correct, based upon my knowledge, information and belief.

DATED: September 29, 2005

JAMES CRAIGIE

2