UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS PAREN,<br>              Plaintiff<br><br>v.<br><br>JAMES CRAIGIE, INDIVIDUALLY<br>and DANIEL FREY, INDIVIDUALLY<br>              Defendants | CIVIL ACTION NO.: 04-30127-MAP |

## ASSENTED TO MOTION TO IMPOUND

Now comes the Plaintiff, Dennis Paren ("Plaintiff" or "Paren") who respectfully requests that this Court impound the previously filed Memorandum in Opposition to Defendants' Motion for Summary Judgment.

As grounds therefore, the Plaintiff states that the parties entered into Stipulations of confidentiality regarding certain documents. The Plaintiff would like to give the Defendants a thirty day opportunity to designate any of the attached documents as confidential within the meaning of the Confidentiality Agreement. The Plaintiff asks that the Court not scan the Memorandum or its Exhibits attached thereto until such time as the Defendants have had an opportunity to claim confidentiality for any of the attached documents.

Most specifically, in the Plaintiff's Memorandum of Law in Opposition to the Summary Judgment Motion, with all its attachments, including Dennis Paren's Affidavit. The Plaintiff's Affidavit is based in part on review of documents, some of which the Defendants may deem confidential (such as tax returns). Such Affidavit is necessary for

the Opposition but the Plaintiff would like to give the Defendants an opportunity to review the documents and seek an Order by this Court to permanently impound.

Defense counsel has assented to this Motion.

WHEREFORE, the Plaintiff respectfully requests that this Court issue an Order requiring that the documents filed by the Plaintiff and the Memorandum of Law in Opposition thereto, which refers to the same, not be scanned until further Order of this Court (and be held sealed or impounded for 30 days) or until such time as the parties seek a further Order of this Court.

THE PLAINTIFF,
DENNIS A. PAREN

Date: November 1, 2005

_____
Lisa Brodeur-McGan, his attorney
Brodeur-McGan, Attorneys at Law
1380 Main Street, Suite 201
Springfield, MA  01103
BBO# 556755
Tel (413) 735-1775; Fax (413)735-1772

### CERTIFICATE OF SERVICE

I, Lisa Brodeur-McGan, do hereby certify that I made service of the foregoing document on this ___ day of November, 2005, by first class mail, postage pre-paid, to: Steven R. Wall, Morgan, Lewis & Bockius, LLP, 1701 Market Street, Philadelphia, PA 19103-2921; and Jeffrey E. Poindexter, Esq., Bulkley Richardson & Gelinas, LLP, 1500 Main Street, Suite 2700, Springfield, MA  01115.

_____
Lisa Brodeur-McGan

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DENNIS PAREN,　　　　　　　　　　　)
　　　　　　　　　　Plaintiff,　　　　　)
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
JAMES CRAIGIE, INDIVIDUALLY AND　　)　　CIVIL ACTION NO.: 04-30127-MAP
DANIEL FREY, INDIVIDUALLY　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Defendants.　　　　)

## STIPULATION OF CONFIDENTIALITY

**WHEREAS**, documents and information will be produced by (1) Defendants James Craigie and Daniel Frey ("Defendants") to Plaintiff Dennis Paren ("Plaintiff"), (2) by Plaintiff to Defendants, and/or (3) by certain third parties ("Third Parties") to either Plaintiff or Defendants or both, in each case either voluntarily or pursuant to discovery proceedings, which are of a confidential, sensitive or private nature to Plaintiff, Defendants, Third Parties, or their respective employees or former employees (hereinafter referred to collectively as "Confidential Material"), it is hereby stipulated and agreed by and between Plaintiff and Defendants, and by such Third Parties who may later consent to be bound by this Stipulation and Order, through their respective attorneys, as follows:

1. Plaintiff may designate any document, any portion of any document, any answers to interrogatories, or any transcript or portion thereof as Confidential Material. All materials designated as Confidential Material shall be marked "Confidential" by Plaintiff in writing. Plaintiff shall designate documents or information as Confidential at the time the documents and information are produced or within five (5) business days after the documents and information are produced. With respect to deposition testimony, such designation may be made within thirty (30) days of receipt of the transcript of the deposition. If Defendants' counsel disagrees with any such designation, that

disagreement shall be conveyed to Plaintiff's counsel within ten (10) business days from the date of such designation. If the parties cannot reach an agreement on the disputed designation, that dispute shall be submitted to the Court for resolution as provided in paragraph 8. Counsel for Plaintiff shall file a motion for a protective order under Federal Rule of Civil Procedure 26(c) within ten (10) business days from the date it receives written notice of the lack of agreement from Defendant's counsel. The material, information and/or data derived or generated therefrom shall remain "Confidential" until such time as the Court resolves the dispute.

    2.    Defendants may designate any document, any portion of any document, any answers to interrogatories, or any transcript or portion thereof as Confidential Material. All materials designated as Confidential Material shall be marked "Confidential" by Defendants in writing. Defendant shall designate documents or information as Confidential at the time the documents and information are produced or within five (5) business days after the documents and information are produced. With respect to deposition testimony, such designation may be made within thirty (30) days of receipt of the transcript of the deposition. If Plaintiff's counsel disagrees with any such designation, that disagreement shall be conveyed to Defendant's counsel within ten (10) business days of such designation. If the parties cannot reach an agreement on the disputed designation, that dispute shall be submitted to the Court for resolution as provided in paragraph 8. Counsel for Defendant shall file a motion for a protective order under Federal Rule of Civil Procedure 26(c) within ten (10) business days from the date it receives written notice of the lack of agreement from Plaintiff's counsel. The material, information and/or data derived or generated therefrom shall remain "Confidential" until such time as the Court resolves the dispute.

    3.    Third Parties may designate any document, any portion of any document, any answers to interrogatories, or any transcript or portion thereof as Confidential Material. All materials

2

designated as Confidential Material shall be marked "Confidential" by such Third Parties in writing. Third Parties shall designate documents or information as Confidential at the time the documents and information are produced or within five (5) business days after the documents and information are produced. With respect to deposition testimony, such designation may be made within thirty (30) days of receipt of the transcript of the deposition. If counsel for Plaintiff or Defendants disagrees with any such designation, that disagreement shall be conveyed to Third Parties' counsel within ten (10) business days of such designation. If the parties cannot reach an agreement on the disputed designation, that dispute shall be submitted to the Court for resolution as provided in paragraph 8. Counsel for Third Parties shall file a motion for a protective order under Federal Rule of Civil Procedure 26(c) within ten (10) business days from the date they receive written notice of the lack of agreement from the counsel who are disputing the designation. The material, information and/or data derived or generated therefrom shall remain "Confidential" until such time as the Court resolves the dispute.

    4.    Each person to whom Confidential Material, or data and information obtained, derived or generated from Confidential Material, is disclosed shall first be advised of the existence and the contents of this Stipulation and Order, and who is identified in paragraph 5(e), (f) or (g), shall execute the "Agreement to Be Bound to Stipulation of Confidentiality" in the form attached hereto as Exhibit A. No such person shall divulge any Confidential Material, or any data or information obtained, derived or generated from Confidential Material, to any other person, except as provided herein. In no event shall any Confidential Material be disclosed to any witness, potential witness, expert or consultant until such person has been advised of this Stipulation and Order and acknowledges and agrees in writing to be bound by the terms hereof.

5.  Subject to the provisions of paragraph 4, Confidential Material, or data and information obtained, derived or generated from Confidential Material, shall only be disclosed to:

   a.  The Court and Court personnel;

   b.  Plaintiff's attorneys of record in this action and persons employed in the attorneys' offices working on this case;

   c.  Plaintiff;

   d.  Defendants' attorneys of record in this action and persons employed in the attorneys' office working on this case;

   e.  Independent experts or consultants retained by the parties in connection with this action;

   f.  Witnesses or potential witnesses with whom Plaintiff's or Defendants' attorneys deem it necessary to discuss such material in the course of discovery and/or preparation for trial; and

   g.  Such other persons as hereafter may be designated by written agreement of counsel for all parties in this action prior to permitting such disclosure.

6.  Confidential Material, or data and information obtained, derived or generated from Confidential Material, shall not be used for any purpose other than pretrial proceedings of this action, preparation for the trial of this action, at the trial of this action, and post-trial litigation relating to this action.

7.  Any documents filed of record which contain Confidential Material shall be placed in a sealed envelope or other sealed container at the time of filing, which envelope or container shall be conspicuously endorsed with the title of this action, the words "Confidential Material - subject to Confidentiality Stipulation," and a statement substantially in the following form:

4

> This envelope is sealed pursuant to stipulation of the parties and contains confidential information filed in this case by [name of party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the court.

8. In the event a party disputes the designation of any material, information and/or data derived or generated therefrom as confidential, the party shall so notify the other party in writing identifying the specific material, information and/or data derived or generated therefrom which is at issue. If the parties cannot reach an agreement on the disputed designation, the dispute shall be submitted to the Court for resolution under the provisions of paragraph 1, 2 or 3. The material, information and/or data derived or generated therefrom shall remain confidential until such time as the Court resolves the dispute.

9. If any Confidential Material produced by any party or Third Party, or information or data obtained, derived or generated therefrom, is sought through discovery from Plaintiff or Defendants by any party in any subsequent judicial or administrative proceeding, the party from whom the discovery is sought agrees that it will notify the party that produced the Confidential Material within five (5) business days so as to permit the producing party to seek a protective order from the appropriate court.

10. Within thirty (30) days after the final termination of this action, whether by settlement, dismissal or other disposition, (a) Plaintiff's counsel shall assemble and return to Defendants and Third Parties all Confidential Material produced by Defendants and Third Parties, and any material derived or generated from such Confidential Material, and all copies thereof except for court filings, deposition transcripts and trial exhibits; and (b) Defendants' counsel shall assemble and return to Plaintiff and Third Parties all Confidential Material produced by Plaintiff and Third Parties, and any material derived or generated from such Confidential Material, and all copies thereof except for court filings, deposition transcripts and trial exhibits.

11. Any dispute under or arising out of this agreement shall be submitted to the Court for resolution.

*Attorney for Plaintiff Dennis Paren*

*Attorney for Defendants*
*James Craigie, Individually*
*and Daniel Frey, Individually*

_____
Lisa Brodeur-McGan, BBO# 556755
Brodeur-McGan, Attorneys at Law
1380 Main Street – Suite 201
Springfield, Massachusetts 01103-1440
Tel: (413) 735-1775
Fax: (413) 735-1772

_____
Jeffrey E. Poindexter, BBO #631922
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115
Tel: (413) 781-2820
Fax: (413) 785-5060

Of Counsel:
Steven R. Wall, Admitted *pro hac vice*
Tamsin J. Newman, Admitted *pro hac vice*
Morgan, Lewis & Bockius, LLP
1701 Market Street
Philadelphia, PA 19103-2921

DATED: July 29 05

DATED: _____

APPROVED AND SO ORDERED this ___ day of _____, 2005

_____
J.

6