# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DENNIS PAREN,
          Plaintiff

v.

JAMES CRAIGIE, INDIVIDUALLY
and DANIEL FREY, INDIVIDUALLY
          Defendants

CIVIL ACTION NO.: 04-30127-MAP

### PLAINTIFF'S ANSWERS TO DEFENDANTS JAMES CRAIGIE AND DANIEL FREY'S FIRST SET OF INTERROGATORIES

1. Identify each verbal or written statement allegedly made by Defendant James Craigie that was "untrue and otherwise defamatory to third parties about Dennis Paren," as you allege in Paragraph 42 of the Complaint.

**ANSWER**    On September 18, 2003, Jim Craigie sent me an e-mail outlining facts of which he believed I was unaware. This e-mail contained statements that were untrue and defamatory. This e-mail was forwarded to Peter Arturi and then forwarded to Vaughn Rist, who then instructed his secretary, Diane Blaney to file it in my personnel file. See Plaintiff's Response #3 to Defendants' Request for Production of Documents.

Jim Craigie said in front of his secretary when I went into his office to inform him of Stephanie Lawrence's double submissions of travel expenses, "A oh, he has one of those Dennis Paren faces on".

2. Identify each person who has knowledge or information regarding each statement that you identified in response to Interrogatory No. 1.

**ANSWER**    See Answer #1. In addition, Peter Arturi, Vaughn Rist, Dan Frey, Andy Howely, Ferris Grooms and my family.

3. Identify each verbal or written statement allegedly made by Defendant Daniel Frey that was "untrue and otherwise defamatory to third parties about Dennis Paren," as you allege in Paragraph 52 of the Complaint.

**ANSWER** On July 15, 2002, Dan Frey sent an e-mail to Peter Arturi regarding the retention bonus plan and my severance period. In that e-mail Dan wrote "our discussion was civil, but knowing Dennis we still probably haven't heard the last from him on this topic." Furthermore, on September 16, 2003 Peter Arturi informed me that Dan Frey had decided to exclude me (from the retention bonus plan) because I was a pain in his butt. See Plaintiff's Responses #1 and #8 to Defendants' Request for Production of Documents.

On many occasions, Dan Frey would address me in a derogatory manner as "Mr. Sunshine" while speaking to other employees. I believe there are additional statements made which I will supplement.

I believe that Dan Frey talked to Marc Lipschultz to justify/rationalize why he was not going to include me in the Retention Bonus plan.

4. Identify each person who has knowledge or information regarding each statement that you identified in response to Interrogatory No. 3.

**ANSWER** Daniel Frey, Jim Craigie, Peter Arturi, Scott Graves, Vaughn Rist and my family.

5. Identify each "existing" and "prospective" contract or contractual relationship with which you allege that Defendant James Craigie interfered, as you allege in paragraphs 64 and 69 of the Complaint.

**ANSWER** My prospective contract of continued employment with Callaway, and my contract for benefits, i.e., retention benefits, which I should have had.

6. Identify each "existing" and "prospective" contract or contractual relationship with which you allege that Defendant Daniel Frey, as you allege in paragraphs 75 and 80 of the Complaint.

**ANSWER** See Answer to Interrogatory # 5 above.

7. Identify each person whom you believe has knowledge or information regarding any of the allegations in your Complaint.

**ANSWER**
1. Vaughn Rist – Senior Vice President of Human Resources
2. Peter Arturi – Senoir Vice President & General Counsel
3. Mary Gay – Director of Employee Benefits
4. Lynn Lafond – Payroll Manager

7. Attorneys Fees to be determined.

Signed this the 31st day of November, 2004, under the pains and penalties of perjury.

*Dennis A. Paren*
Dennis A. Paren

As to objections, if any:

THE PLAINTIFF,
DENNIS A. PAREN

Date: November 2, 2004

Lisa Brodeur-McGan, his attorney
Cooley, Shrair, P.C.
1380 Main Street
Springfield, MA 01103
BBO# 556755
Tel (413) 735-8025; Fax (413) 733-3042

Document=A:\Paren IRG ANSWERS.DOC 1;

9