UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS PAREN,<br>    Plaintiff<br><br>v.<br><br>JAMES CRAIGIE, INDIVIDUALY<br>and DANIEL FREY, INDIVIDUALLY<br>    Defendants | CIVIL ACTION NO.: 04-30127-MAP |

## **MOTION FOR DISALLOWANCE**

  Now comes the Plaintiff, Dennis Paren ("Plaintiff" or "Paren") who respectfully requests that this Court disallow Defendants' Craigie and Frey's ("Defendants") Bill of Costs filed with this Court July 19, 2006.  Plaintiff asserts below that several of the costs included in Defendants' Bill of Costs were unreasonably necessary to the maintenance of this action and Plaintiff asks this Court to amend the total amount properly billed to Plaintiff to $1,268.51.  This amount reflects costs for Plaintiff's deposition transcript at a non-expedited rate of $577.50, Arturi's and Rist's deposition transcripts at 679.25 (as taxed by Defendants), and photocopying costs necessarily obtained at $11.76.

  As grounds therefore, the Plaintiff states that much of the deposition transcript costs and photocopying costs sought by Defendants are costs that were unnecessary to the maintenance of this action, and therefore improperly taxed to Plaintiff.  Taxation of costs associated with a law suit is governed by Federal Rules of Civil Procedure, Rule 54(d) which provides that "costs … shall be allowed as of course to the prevailing party unless the court otherwise directs …."  However, Rule 54(d) cannot be applied beyond the parameters defined in 28 U.S.C. § 1920,

which lists allowable costs. At issue in Defendants' Bill of Costs are deposition transcript costs and photocopying costs. Generally, deposition transcript costs are allowed by item (2) of § 1920 which allows "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." And, generally, photocopying costs are allowed by item (4) of § 1920 which allows "[f]ees for exemplification and copies of papers necessarily obtained for use in the case.

There is a strong presumption that a request for costs by the prevailing party will be granted. *Delta Airlines, Inc. v. August*, 450 U.S. 346, 352 (1981). However, a losing party may overcome this presumption by showing that an award of costs taxed would be inequitable. *A-Cal Copiers, Inc. v. North American Van Lines, Inc*., 180 F.D.R. 183, 191 (1998 Dist. Mass.) citing *Moore's Federal Practice*, ¶ 54.101[01][1][b] at 54-151 (citing cases). A party may make a showing of inequity by showing that (1) the expenses incurred by the prevailing party were either unreasonable or unnecessary, (2) the prevailing party engaged in some misconduct, or (3) the prevailing party's bill of costs is subject to some procedural defect. *Id*. at 54-153. Here, Plaintiff makes a showing of inequity because the expenses incurred by Defendants were unnecessary.

**A. Procedural Background**

Plaintiff filed his complaint on July 2, 2004, and Defendants answered on September, 14, 2004. The parties began discovery and on September 30, 2005, Defendants filed their Motion for Summary Judgment. Plaintiff opposed their motion on October 31, 2005. On June 15, 2006, the District Court entered judgment for Defendants. Defendants are the prevailing party in this matter, and they filed a Bill of Costs on July 19, 2006, under 28 U.S.C. § 1920, seeking costs for deposition transcripts and photocopying.

**B. Defendants Bill of Costs Includes Unnecessary Costs**

   **I.     Deposition Transcript Costs**

The First Circuit Court of Appeals has held that

> if depositions are either introduced in evidence or used at trial, their costs should be taxable to the losing party. It is within the discretion of the district court to tax deposition costs *if special circumstances warrant it*, even though the depositions were not put in evidence or used at trial.

*Templeman v. Chris Craft Corp.*, 770 F.2d 245, 249 (1985) (emphasis added). Under *Templeman*, costs associated with depositions are presumed necessary and taxable if they are put in evidence or used at trial, but, as here, if they are not put in evidence or introduced at trial, deposition costs are taxable at the discretion of the judge, if special circumstances warrant it.

Defendants' Bill for Costs includes $3,493.75 for deposition transcript costs. These costs cover transcript costs of five individuals: Dennis Paren (Plaintiff), Peter Arturi, Vaughn Rist, Daniel Frey (Defendant), and James Craigie (Defendant).

      **a.  Deposition Transcripts of Defendants**

The deposition transcript costs of the two defendants total $1,509. These deposition transcripts were used by Defendants to support their Motion for Summary Judgment, however, Defendants could have supported their Motion for Summary Judgment entirely with affidavits. In fact, Defendants did supplement their support of their Motion for Summary Judgment with affidavits statements, but chose to order deposition transcripts rather than support all their factual statements in the affidavits of Defendants. There are no special circumstances that warrant taxing Plaintiff for the cost of Defendants' deposition transcripts.

Additionally, the $1,509 includes costs for (1) expedited copies of Defendants deposition transcripts (fee for expedited copy not itemized), (2) a $56 charge for a copy of the exhibits used

3

in Defendants' depositions, and (3) a $25 charge for overnight shipping and handling. Should this Court find that the transcripts were necessary to support Defendants' Motion for Summary Judgment, the costs for expedited copies certainly were unnecessarily incurred, and should not be taxed to Plaintiff. Defendants' depositions were taken on August 30, 2005, and Defendants' Motion for Summary Judgment was filed September 30, 2005. This 30-day time frame between the date of the deposition and the filing date of the motion does not necessitate expedited transcript copies. If Defendants were remiss in ordering the transcripts they felt necessary to support their motion, and realized they wanted transcripts at a point in time that necessitated expedited copies, Plaintiff should not be required to pay for the cost of services that was incurred for the convenience of counsel. *Virginia Panel Corp. v. Mac Panel Co.*, 887 F. Supp. 880, 886 (1995, W.D. Virginia).

Defendants' Bill of Costs also includes $56 for copies of the 160 exhibits used in Defendants' depositions. Defendants are taxing this entire cost to Plaintiff, yet used only 6 exhibits from Defendant Frey's deposition to support their Motion for Summary Judgment. Defendants cannot reasonably assert that the 160 exhibits were necessarily obtained for use in the case, and Plaintiff should not be taxed for more than the six exhibits used in Defendants' Motion for Summary Judgment.

Finally, Defendants attempt to tax to Plaintiff the $25 overnight shipping and handling charge of the court reporter. Shipping and handling is not a cost contemplated by 28 U.S.C § 1920 is improperly taxed to Plaintiff. *Cleveland v. North Am. Van Lines*, 154 F.R.D. 37 (1994, N.D. New York).

For the foregoing reasons the $1,509.00 for the deposition transcripts of Defendants Daniel Frey and James Craigie are improperly taxed to Plaintiff and the cost should be

4

disallowed by this court as cost that were unnecessarily obtained. Should this court find that costs for Defendants' transcripts are properly taxed, Plaintiff should be taxed only at a rate for non-expedited production of the transcripts.[1]

### b. Deposition Transcript of Plaintiff

Defendants include $1,305.50 in their Bill of Costs for the deposition transcript of Plaintiff Paren. This cost includes $1,270.50 for expedited and same-day draft of Plaintiff's deposition transcript and $35 for express delivery of the transcript. Plaintiff Paren's deposition was taken April 30, 2005.[2] Again, Defendants filed their Motion for Summary Judgment on September 30, 2005, five months after Plaintiff's deposition was taken. The expedited copy was unnecessarily obtained for use in the case, and Plaintiff is improperly taxed for this costs associated with expedited production of the deposition transcript. Further, as stated above, shipping and handling is not a cost contemplated by 28 U.S.C § 1920 and the $35 taxed to Plaintiff is improper. *Cleveland v. North Am. Van Lines*, 154 F.R.D. 37 (1994, N.D. New York).

Plaintiff ordered Plaintiff's deposition transcript and the cost incurred for a non-expedited transcript copy was $577.50. See Exhibit B. Defendants did cite to Plaintiff's deposition in their Motion for Summary Judgment, and, under *Templeman*, as the prevailing party, Defendants properly tax Plaintiff for costs of the preparation of the deposition transcript at the same, regular rate paid by Plaintiff.

### c. Deposition Transcripts of Peter Arturi and Vaughn Rist

These deposition transcripts are properly taxed to Plaintiff because they were necessarily obtained for use in preparation of Defendants' Motion for Summary Judgment. They were not

---

[1] The invoice submitted with Defendants' Bill of Costs does not itemize the added fee for the expedited request, so Plaintiff does not have an exact amount that reflects regular production of the transcripts. Plaintiff paid $1,338.75 for an original and one copy of Defendants' transcripts. Assuming an invoice for one set would reflect one half of what Plaintiff was invoiced, Defendants would have paid $670 for Defendants' transcripts for a non-expedited copy.

5

prepared by expedited request and, therefore, the $679.25 taxed to Plaintiff for the transcripts of Peter Arturi and Vaughn Rist are properly taxed to Plaintiff.

## II.     Photocopying Costs

28 U.S.C. § 1920(4) specifically permits costs for reproduction of documents necessarily obtained for use in the case to be awarded to the prevailing party. This Circuit has held that photocopying costs that were "reasonably necessary to the maintenance of the action" are allowable under the statute. *Rodriguez-Garcia v. Davila*, 904 F.2d 90, 100 (1990). Here, Defendants are asking that they be awarded $154.80 in photocopying costs. Their Bill of Costs list 29 pleadings and discovery documents costs of which are assessed at $0.12 per page with each document being reproduced in triplicate. Plaintiff asserts that these costs were not reasonably necessary to the maintenance of this action and therefore cannot be taxed to Plaintiff under the statute and *Rodriguez-Garcia*.

Defendants' Bill of Costs does not explain the use of the three copies that are being billed to Plaintiff, so Plaintiff can only assume that the copies would have been distributed to the court, Plaintiff's counsel, and Defendants' counsel. If this distribution does, in fact, explain the use of the three copies, then the costs associated with reproduction of documents that were electronically filed with this Court are improperly taxed to Plaintiff. Electronic filing, does away with the requirement that any paper copies be filed with the court and served on opposing parties. In this matter both parties received electronic notification of documents filed with this Court, thus any paper copies of the same documents that were sent by U.S. mail to Plaintiff, filed with the Court, or printed for the convenience of counsel were not reasonably necessary to the maintenance of this action and those costs cannot be taxed to Plaintiff.

---

[2] Defendants' Bill of Costs incorrectly states that Plaintiff's deposition was conducted December 23, 2004.

As for costs assessed for photocopying of discovery related documents, Plaintiff cannot guess the purpose of the three copies, but does admit to receiving copies of those documents listed in Defendants' Bill of Costs that were prepared during discovery in this matter, and consents to costs photocopying for one set of those documents.  Plaintiff has attached a spreadsheet of photocopying costs that reflects those photocopying costs that are appropriately taxed to Plaintiff.  See Exhibit B.  The total amount appropriately taxed to Plaintiff for photocopying costs is $11.76.

WHEREFORE, the Plaintiff respectfully requests that this Court disallow the above-mentioned costs billed by Defendants as unnecessarily reasonable and amend the total amount to be taxed to Plaintiff to $1,268.51.

THE PLAINTIFF,
DENNIS A. PAREN

Date: July 28, 2006                              /s/ Lisa Brodeur-McGan
Lisa Brodeur-McGan, his attorney
1331 Main Street, 2nd Floor
Springfield, MA  01103-0621
BBO# 556755
Tel (413) 735-1775; Fax (413) 735-1772

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 28, 2006.

/s/ Lisa Brodeur-McGan
Lisa Brodeur-McGan